By the Court:

Spencer, J.
Although I am not perfectly satisfied that this is a case where specific performance should not be decreed, yet I am clearly of the opinion that in case of such a decree, compensation should have been awarded.
In Dyer v. Hargrave (10 Vesey, 505), there was a bill filed for a specific performance of a purchase of land sold at auction. The particulars preceding the sale described the house as in good ■ repair, and that the farm was all within a ring fence. The defendant objected on the ground that this description was not true, and it was admitted that the facts in the case varied from this description, but that a minute examination would have disclosed the facts and discovered the defect.
*723 The master of the rolls decreed a performance, and held that every variance from a description would not enable a man to resist the performance of a contract.
That if a man gets substantially that for which he bargains, he must take a compensation fqr a slight deficiency in the value.
In King v. Badeau (6 Johnson’s Ch. Reports), Chancellor Kent, referring to Dyer v. Hargrave, says, “ This case establishes what I apprehend to be the true doctrine on the subject,” and in the decree or order then made by the chancellor, he adopts this doctrine. In the case of King v. Badeau, two lots were sold together at auction, Nos. 42 and 43 Broome street. There were two buildings on No. 42, one in front and the other in the rear of the lot, both of which projected upon No. 43 about twenty inches. The lots were sold free from all incumbrances, except a lease of lot 42, which lease provided for the disposition of the houses at its termination.' The terms of sale stated that the buildings were situate on lot No. 42, but the fact was that they projected about twenty inches over and upon lot 43. The purchaser claimed that this variation of the condition or quality of the lots ought to vacate the sale. The chancellor held that this variation was not sufficient to justify the abandonment of his contract, but as it might diminish its value below what its value-would have been if such projection had not existed, he ordered a reference to ascertain the amount of such diminution in value (if any).
The rule or principle was discussed and fully recognized in the opinion of this court in Guynot v. Mantel (4 Duer, 94), wherein Justice Hoffman laid down as a general rule “ that a purchaser may insist upon a good, valid, and unincumbered title to the property for which he contracts,” and also “ that a purchaser is entitled to obtain substantially the property for which he contracted.”
From these cases, and others that I have examined, I conclude the following rules to be well established in this State:
Fwst.—A purchaser may insist- upon a good, valid, and unincumbered title.
*724 Second.—lie is entitled to receive substantially, from his vendor, all the property for which he contracted.
Third.—If he obtains such a title, and by the conveyance offered obtains substantially the property for which he contracted, a court of equity will enforce performance on his part —otherwise not.
These general rules are not, in my opinion, modified or affected by those relating to compensation, which the court will enforce in all proper cases, in favor of the purchaser against the vendor, when specific performance has been or shall be decreed, as, for instance, in the case of a slight or immaterial deficiency in the estate, a variance of description, or an incumbrance affecting the title, as in the cases cited. The doctrine of compensation, as a rule in equity, follows these and like cases, in order to pay the purchaser for these slight defects, that in equity he may be entitled to, if in equity he should be compelled to fulfil the contract of purchase, and in such cases compensation follows as a matter of right, and, as I hold, must be provided for in the decree in all proper cases.
There are certain conditions or circumstances attendant upon every case of compensation:
First.—The deficiency, defect, or whatever is complained of, must be one of that character that can be made the subject of compensation, or of consideration as damages.
Second.—In such a case, compensation can be and should be decreed by the court, provided, hoioever (and this proviso seems to be expressly laid down by Justice Hoffman in Gruynot y. Mantel), that it is also a case where the court concludes that the purchaser would not have declined the contract had he known of the defect or matter complained of at the time of the purchase.
This doctrine of compensation was carried to an unwarrantable extent in the early English cases, and a court of equity should keep it entirely subservient to the general rules. As the doctrine is now held in this State, and as considered and reviewed by Sent and Hoffman in the cases cited, it is consistent with the rules of equity, and now stands upon a just and safe basis.
*725 In all cases where compensation should be considered and given, the court should provide for the same, and receive evidence relating thereto, so that equity can be fully meted out in the decree. It is very clear, in my judgment, that if in this case the contract should be enforced, compensation should be awarded. If the referee had taken testimony relating to the same, it might more clearly and fully appear that it was not a case where compensation could have been made, and that performance should not have been decreed. As the case now stands, there is much force in the proposition that the defendant would receive substantially the property for which he bargained, and had he known the facts he would still have purchased, as there is also in the counter-proposition, “ that he has not received what he purchased, and had he known of the projection of this building into the street he would not have purchased,” etc., but I am confident that the referee erred in not providing for compensation after holding that the contract should be enforced, notwithstanding this defect or deficiency.
The judgment should be reversed, and a new trial ordered, with costs to abide the event, and the order of reference vacated.